IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SPEEDWAY MOTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARIA STRONG, in her official capacity as Acting Register of Copyright, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT** <br><br> **REQUEST FOR PLACE OF TRIAL** |

## INTRODUCTION

1. Plaintiff Speedway Motors, Inc. ("Speedway Motors") brings this action for judicial review of the United States Copyright Office's (the "Copyright Office") decisions denying three applications for copyright registrations for Speedway Motors' new corporate logos (the "Works"), reproduced here:

  

2. The Copyright Office refused to issue copyright registration on the basis that the logos are allegedly not "original works of authorship" eligible for copyright protection under 17 U.S.C. § 102(a), *i.e.*, that the logos lack sufficient creativity. Those refusals to register were arbitrary,

1

capricious, an abuse of discretion, or otherwise not in accordance with law, and in violation of Speedway Motors' rights. Speedway Motors brings this action against Maria Strong, in her official capacity as the Acting Register of Copyrights, to obtain judicial review of the Copyright Office's actions, vacate the refusals to register, and compel the Copyright Office to issue copyright registrations on Speedway Motors' applications.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Speedway Motors, Inc. is a Nebraska corporation with its principal place of business at 340 Victory Lane, Lincoln, Nebraska. Speedway Motors has been a trusted source for specialty rodding and racing products and friendly expert advice for more than 65 years, offering unmatched product selection and service as a leader in the rodding and racing industries.

4. Defendant Maria Strong is the Acting Register of Copyrights and Director of the United States Copyright Office, having her principal place of business at 101 Independence Avenue, S.E., Washington, D.C. 20559. Defendant Strong has administrative responsibilities for issuing registrations regarding copyright claims and applications and supervises the employees in the Copyright Office that review and make registration determinations.

5. This is an action for judicial review of the Copyright Office's refusals to register the Works arising under the Administrative Procedure Act (5 U.S.C. §§ 701-706) and the Copyright Act (17 U.S.C. § 101 *et seq.*).

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 703 and 28 U.S.C. §§ 1331, 1338, 1346(a)(2), 1361.

7. Venue is proper in this Court under 28 U.S.C. § 1391(e) because Speedway Motors resides in this district.

**SPEEDWAY MOTORS AND ITS CREATIVE LOGO WORKS**

8. Speedway Motors was founded in 1952 as one of the Midwest's first speed shops and now markets goods in the performance vehicle field, including parts for race cars, hot rods, and vintage cars. Over 65 years, Speedway Motors has grown from a one-man operation to become the world's largest manufacturer, distributor, and retailer of street rod and racing products.

9. In 2018, Speedway Motors undertook to redesign its prior corporate logo it had used for many years, seen here:



10. As part of this effort, Speedway Motors engaged an established marketing firm, Brand Innovation Group (BIG), to assist in designing new creative artworks for use in marketing and communications. BIG worked with Speedway Motors to create new logos that symbolized the racing and performance automotive industries while still referencing classic features of the Speedway Motors brand.

11. One of the logos developed by BIG and Speedway Motors is the "Speedway Motors Logo Work" shown here. This work features multiple elements which are the result of deliberate creation, selection, and arrangement. This logo features the wording



4829-3817-6965.1

"Speedway Motors" with each word in different highly-stylized forms, and the tail of the "y" extending into a complex, asymmetric dark purple line art which wraps around much of the text, all set against a deep yellow background.

12. BIG and Speedway Motors also developed the "S Logo Work", reproduced here, which features a highly stylized "S" shape set against a deep yellow background and a multi-featured asymmetric dark purple line art shape. As a whole, the S Logo Work is unique, non-typical, stylistic, and composed of graphic elements arranged to create a striking impression.



13. BIG and Speedway Motors also developed the "Team Speedway Motors Logo Work" shown here. This work has many of the same features as the Speedway Motors Logo Work, and also features the word "Team" which is shown in a different stylized form from the other words.



## THE COPYRIGHT OFFICE AND COPYRIGHT REGISTRATION

14. The Copyright Office is a part of the Library of Congress and performs several critical functions related to copyrights and copyright protection in the United States. One of these functions is administering the copyright registry on behalf of the United States. As part of that function, the Copyright Office is responsible for examining applications to register "works" for copyright protection to determine whether they satisfy the statutory requirements for registration—including copyright eligibility—and otherwise comply with the Copyright

Office's regulations. Based on its examination, the Copyright Office then either registers or refuses to register the claims.

15. Registration of copyright claims is an essential component of the copyright protection framework under the Copyright Act because it creates a public record that includes key facts relating to the authorship and ownership of the claimed work. As such, the Copyright Act encourages owners of copyrighted works to seek prompt registration by conditioning numerous benefits on proper registration, such as the ability to file a lawsuit for copyright infringement, *prima facie* evidence of the validity of the copyright and the facts contained in the certificate of registration, and eligibility for statutory damages and attorneys' fees and costs in an action for infringement.

16. Securing copyright protection in the United States is not meant to be difficult. Rather, copyright protection is available to any work, provided that it is in a fixed medium, is original, and is a "work of authorship," that is, it demonstrates a "minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). In *Feist*, the Supreme Court emphasized that the level of creativity required for copyright protection is "extremely low," and "even a slight amount [of creativity] will suffice." *Id*. "The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Id*.

17. Given this low bar, the Copyright Office has registered many millions of copyright claims since its inception, and now typically registers more than half a million copyright claims each year. Indeed, in the fiscal year 2018—the year ending just before Speedway Motors first applied for registrations of the Works—the Copyright Office registered approximately 560,000 copyrighted works.

## THE COPYRIGHT APPLICATIONS AND REFUSALS

18. On October 4, 2018, Speedway Motors filed three applications with the Copyright Office to register the Works, which were assigned case numbers 1-7012396641 (Speedway Motors Logo), 1-7012397067 (S Logo), and 1-7012468241 (Team Speedway Motors Logo).

19. The Copyright Office, however, denied Speedway Motors' applications and refused to register the Works. In its refusals, the Copyright Office did not dispute that the Works are original works contained in a fixed medium. Instead, by letters dated November 29, 2018, the Copyright Office informed Speedway Motors that the Works did not qualify for copyright protection because each "lacks the authorship necessary to support a copyright claim."

20. On February 11, 2019, Speedway Motors submitted its first requests for reconsideration to the Copyright Office. In those letters, Speedway Motors argued that the Works exceeded the extremely low level of creativity required to constitute a "work of authorship" and sustain a copyright claim. In particular, Speedway Motors argued that the Works contains the "minimal degree" of requisite creativity based upon, among other factors, its unique, non-typical, stylistic, multi-graphical design elements. Speedway Motors again urged the Copyright Office to register its copyright claim in the Works.

21. On June 19, 2019, the Copyright Office informed Speedway Motors that it was again refusing to register the Works. Despite acknowledging that "even a slight amount of original authorship will suffice" to warrant copyright registration, the Copyright Office nevertheless concluded that the Works did not contain a "sufficient amount of creativity to warrant registration." According to the Copyright Office: "Combining a business name with" or "Centering a letter within" "a geometric shape is an age-old, common log configuration. Tthat the shape correspondences [sic] with the nature of the business is also an obvious logo

6

configuration. The arrangement of these few elements into an obvious, expected configuration lacks the necessary creativity required to support a claim in copyright."

22. On September 18, 2019, Speedway Motors submitted its second requests for reconsideration to the Copyright Office, again arguing that the Works far exceed the low level of creativity required to support a copyright registration. Speedway Motors pointed out that the Copyright Office's refusal to register the Works was contrary to prevailing law, inconsistent with the Copyright Office's *Compendium of U.S. Copyright Office Practices*, which is the administrative manual of the Register of Copyrights that provides instruction to agency staff regarding their statutory duties, and inconsistent with other recent decisions of the Copyright Office registering logos for American Airlines and NBA basketball teams.

23. By letter dated June 25, 2020, the Review Board of the United States Copyright Office (the "Board") informed Speedway Motors that it was affirming the decisions of the Registration Program to deny copyright protection to the Works. In its decision, the Board "finds that none of the Works' individual components are sufficiently creative to be eligible for copyright protection" and "finds that, viewed as a whole, the selection, coordination, and arrangement of the shapes, colors, words, and letter(s) that comprise the Works are insufficient to render the Works sufficiently creative and original." The Board letter closes by stating, "Pursuant to 37 C.F.R. § 202.5(g), this decision constitutes final agency action in this matter."

24. Speedway Motors respectfully submits that the Copyright Office's denial of Speedway Motors' registrations violates governing law and, in particular, the Supreme Court's teaching that only a "minimal degree of creativity" is required for copyright protection. *Feist*, 499 U.S. at 345.

25. As then-Judge Ginsburg noted while sitting on the D.C. Circuit, "[i]t is not the Register's task to shape the protection threshold or ratchet it up beyond the 'minimal creative

7

spark required by the Copyright Act and the Constitution.'" *Atari Games Corp. v. Oman*, 979 F.2d 242 (D.C. Cir. 1992) (quoting *Feist*) (holding that the Copyright Office lacked a "rational basis for finding the elements as combined and arranged in BREAKOUT video game 'so commonplace that [they have] come to be expected as a matter of course'"). Here, as in *Atari*, the Copyright Office "ratchet[ed] up" the threshold for copyright protection, holding Speedway Motors to a higher standard than that applied to other copyright applicants.

26. The Board's explanation that each of the Works is "a 'garden-variety' logo configuration that is not entitled to copyright protection" does not withstand scrutiny. As a threshold matter, a work comprised of geometric shapes can be protected by copyright law. The Copyright Office's own Compendium of U.S. Copyright Office Practices recognizes that registration will issue for "a creative design that goes beyond the mere display of a few geometric shapes in a preordained or obvious arrangement." § 906.1. That section refers to the following image:



The Compendium also admits that "a work of authorship that incorporates one or more [familiar symbols and designs] into a larger design maybe registered if the work as a whole contains a sufficient amount of creative expression." § 313.4(J).

8

27. Speedway Motors' Works are not "preordained" and extend well beyond the standard geometric shapes shown above. Indeed, the Board letter recognizes that "the purple band within the yellow circle is stylized and has different widths" and is combined with purple and yellow colors, the circular yellow background, and the stylized type elements. Yet the Board denied that there is "even a slight amount" of creativity permitted by *Feist*.

28. In the context of a "compilation," *Feist* teaches that "even a directory that contains absolutely no protectible [sic] written expression, only facts, meets the constitutional minimum for copyright protection if it features an original selection or arrangement." 499 U.S. at 348. While Speedway Motors contends that the elements of the Works are protectable, at bare minimum the Works at issue here feature original selection and arrangement which satisfies the creativity standard.

29. The Copyright Office has repeatedly and consistently registered works demonstrating levels of creativity that are, at best, equal to—and in many cases less than—the creativity demonstrated by the Works.

30. In view of the Copyright Office's own prior registration decisions and examination standards, as well as the Supreme Court's teachings in *Feist* and related case law, the Copyright Office's decision to reject Speedway Motors' registrations can only fairly be characterized as arbitrary and capricious, an abuse of discretion, or not in accordance with law.

## STATUTORY BASIS FOR RELIEF

31. The Administrative Procedure Act, 5 U.S.C. §§ 701–706, authorizes courts to review final agency actions and hold unlawful and set aside final agency actions, findings, and conclusions that are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). The APA also authorizes a reviewing court to

compel agency action that is unlawfully withheld. 5 U.S.C. § 706(1). The APA provides a cause of action to challenge any final agency action taken pursuant to any statute where the action is made reviewable by that statute, or where there is no other adequate remedy in a court. 5 U.S.C. § 704. The Court may further grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201–2202.

32. Where, as here, the Copyright Office has refused to register a valid copyright claim, a copyright applicant may file an action in federal district court against the Register of Copyrights petitioning the court to review and set aside the Copyright Office's action pursuant to 17 U.S.C. § 701(e) and 5 U.S.C. § 701 et seq.

33. Defendant Maria Strong is the acting Register of Copyrights. As such, she is responsible for overseeing the Copyright Office's decision to register copyrights and has the authority to direct the registration of a copyright application. *See* 17 U.S.C. § 701(a).

34. The Copyright Office's action, under the supervision of Ms. Strong or her predecessors, in refusing to register the Works, was arbitrary, capricious and, an abuse of discretion, or otherwise not in accordance with law, that violated Speedway Motors' rights under the Copyright Act.

35. Speedway Motors has twice petitioned the Copyright Office to reconsider its refusals to register to no avail. The Copyright Office's refusals to register the Works in response to the second requests for reconsideration constituted final agency action with respect to each application. See 37 C.F.R. § 202.5(g). At this point, Speedway Motors has no further avenues to seek administrative relief, and its only available recourse is to petition this Court to review and vacate the Copyright Office's refusals to register.

36. Because the Copyright Office has refused to register the Works, until such time as the Copyright Office's decision is vacated and the Office registers the Works, Speedway Motors will continue to be deprived of the benefits that are accorded to registered copyright claims—benefits to which Speedway Motors is entitled under the Copyright Act and applicable law.

## COUNT I
## REVIEW OF FINAL AGENCY ACTION ON SPEEDWAY MOTORS LOGO

37. Speedway Motors repeats and re-alleges all preceding paragraphs.

38. The Speedway Motors Logo Work meets the requirements for copyright protection under federal law.

39. Pursuant to federal law, Speedway Motors has the right to register its copyright claim in the Speedway Motors Logo Work on the federal copyright registry.

40. Defendant Strong is the agent of the United States with the official capacity to register the S Logo Work but has failed to act in that capacity with respect to the Speedway Motors Logo Work.

41. Defendant Strong's and the Copyright Office's refusal to register the Speedway Motors Logo Work is contrary to law and was further arbitrary, capricious, and represented an abuse of discretion.

42. Speedway Motors has exhausted its administrative remedies with respect to the registration of the Speedway Motors Logo Work.

43. Accordingly, Speedway Motors is entitled to a review of the Speedway Motors Logo Work copyright application and corresponding records before the Copyright Office, a declaration that the Copyright Office's refusal is contrary to law, and an Order compelling the Copyright Office to register the Speedway Motors Logo Work.

## COUNT II
## REVIEW OF FINAL AGENCY ACTION ON S LOGO

44. Speedway Motors repeats and re-alleges all preceding paragraphs.

45. The S Logo Work meets the requirements for copyright protection under federal law.

46. Pursuant to federal law, Speedway Motors has the right to register its copyright claim in the S Logo Work on the federal copyright registry.

47. Defendant Strong is the agent of the United States with the official capacity to register the S Logo Work but has failed to act in that capacity with respect to the S Logo Work.

48. Defendant Strong's and the Copyright Office's refusal to register the S Logo Work is contrary to law and was further arbitrary, capricious, and represented an abuse of discretion.

49. Speedway Motors has exhausted its administrative remedies with respect to the registration of the S Logo Work.

50. Accordingly, Speedway Motors is entitled to a review of the S Logo Work copyright application and corresponding records before the Copyright Office, a declaration that the Copyright Office's refusal is contrary to law, and an Order compelling the Copyright Office to register the S Logo Work.

## COUNT III
## REVIEW OF FINAL AGENCY ACTION ON TEAM SPEEDWAY MOTORS LOGO

51. Speedway Motors repeats and re-alleges all preceding paragraphs.

52. The Team Speedway Motors Logo Work meets the requirements for copyright protection under federal law.

53. Pursuant to federal law, Speedway Motors has the right to register its copyright claim in the Team Speedway Motors Logo Work on the federal copyright registry.

12

54. Defendant Strong is the agent of the United States with the official capacity to register the Team Speedway Motors Logo Work but has failed to act in that capacity with respect to the Team Speedway Motors Logo Work.

55. Defendant Strong's and the Copyright Office's refusal to register the Team Speedway Motors Logo Work is contrary to law and was further arbitrary, capricious, and represented an abuse of discretion.

56. Speedway Motors has exhausted its administrative remedies with respect to the registration of the Team Speedway Motors Logo Work.

57. Accordingly, Speedway Motors is entitled to a review of the Team Speedway Motors Logo Work copyright application and corresponding records before the Copyright Office, a declaration that the Copyright Office's refusal is contrary to law, and an Order compelling the Copyright Office to register the Team Speedway Motors Logo Work.

**PRAYER FOR RELIEF**

58. Speedway Motors respectfully requests that this Court enter judgment in favor of Speedway Motors as follows:

   A. Declare that Defendant Strong's and the Copyright Office's refusals to register Speedway Motors' Works are arbitrary, capricious, an abuse of discretion, or not in accordance with law under 5 U.S.C. § 706 (2)(A);

   B. Reverse and vacate Defendant Strong's and the Copyright Office's decisions to refuse to register Speedway Motors' Works;

   C. Order Defendant Strong, and the officers, agents, employees, successors, and servants of Defendant Strong and the Copyright Office, to register the Works in accordance with this Court's decision; and

D.  Grant Speedway Motors such other relief as the Court deems just and proper.

## REQUEST FOR PLACE OF TRIAL

Pursuant to NE Civ. R. 40.1(b), Speedway Motors hereby requests that trial of this case take place in Lincoln, Nebraska.

Dated: August 3, 2020

          Respectfully submitted,

          *s/Elizabeth A. Luebbert*

          Charles J. Meyer (*pro hac vice* forthcoming)
          Blake R. Hartz (*pro hac vice* forthcoming)
          WOODARD, EMHARDT, HENRY,
          REEVES & WAGNER, LLP
          111 Monument Circle, Suite 3700
          Indianapolis, Indiana 46204-5137
          Telephone: (317) 634-3456
          Fax: (317) 637-7561
          Email: cjmeyer@uspatent.com
          Email: bhartz@uspatent.com

          Gregory C. Scaglione, #19368
          Elizabeth A. Luebbert, #25875
          KOLEY JESSEN P.C., L.L.O.
          1125 S. 103rd St., Suite 800
          Omaha, Nebraska 68124
          Telephone: (403) 390-9500
          Fax: (402) 390-9005
          Email: greg.scaglione@koleyjessen.com
          Email: liz.luebbert@koleyjessen.com

          *Attorneys for Speedway Motors, Inc.*

#1780649

4829-3817-6965.1