IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SPEEDWAY MOTORS, INC.,<br><br>              Plaintiff,<br><br>vs.<br><br>MARIA STRONG, in her official capacity as Acting Register of Copyright,<br><br>              Defendant. | 4:20-CV-3089<br><br>ANSWER |

Defendant Maria Strong, Acting Register of Copyright, answers Plaintiff's Complaint (Filing 1) as follows:

First Defense

This Court lacks jurisdiction to compel the U.S. Copyright Office to register Plaintiff's Works. Paragraphs 43, 50, 57 and 58.C state that Plaintiff is "entitled to . . . a declaration that the Copyright Office's refusal is contrary to law, and an Order compelling the Copyright Office to register" the Works. Paragraph 2 also indicates that Plaintiff brings this action to "compel the Copyright Office to issue copyright registrations" for the Works. Such relief, however, is outside the scope of the Administrative Procedures Act (APA).

Second Defense

The Complaint fails to state a claim upon which relief can be granted. The Complaint contains solely legal conclusions and fails to allege any facts to support such conclusions.

Third Defense

The U.S. Copyright Office's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

<u>Fourth Defense</u>

Answering specifically the numbered paragraphs of the Complaint utilizing the same paragraph numbering, Defendant states as follows:

**INTRODUCTION**

1. Defendant admits paragraph 1 of the Complaint.

2. Defendant admits that the Copyright Office denied registration finding that the logos "lack[] the authorship necessary to support a copyright claim." The remaining allegations of paragraph 2 are statements of law that require no response. To the extent that an answer is deemed to be required, the remaining allegations are denied.

**PARTIES, JURISDICTION, AND VENUE**

3. Defendant admits that the online business entity database for the state of Nebraska identifies Speedway Motors as a domestic corporation with a principal office address of 340 Victory Lane Lincoln, NE 68528. As to the second sentence of paragraph 3, Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's assertion and, therefore, denies it.

4. Defendant admits that on August 3, 2020, the filing of the Complaint, Maria Strong was the acting Register of Copyrights. On September 21, 2020, it was announced that Shira Perlmutter was appointed Register of Copyrights, to date she has not officially begun her appointment. Defendant admits that the principal place of business of the Register of Copyrights and Director of the United States Copyright Office is 101 Independence Avenue, S.E., Washington, D.C. 20559. Defendant also admits that the Register had administrative responsibilities for issuing registrations regarding copyright claims and applications and

supervises the employees in the Copyright Office that review and make registration determinations.

5. Defendant admits that Plaintiff purports to bring an action "for judicial review of the Copyright Office's refusals to register the Works arising under the Administrative Procedure Act (5 U.S.C. §§ 701-706) and the Copyright Act (17 U.S.C. § 101 et seq.)." Defendant denies that the relief sought by Plaintiff is available under the Administrative Procedures Act and the Copyright Act.

6. Defendant admits that Plaintiff brings this action pursuant to 5 U.S.C. § 703 and 28 U.S.C. §§ 1331, 1338, 1346(a)(2), 1361 and that the District Court for the District of Nebraska has jurisdiction.

7. Paragraph 7 is a statement of law that requires no response. To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.

**SPEEDWAY MOTORS AND ITS ALLEGEDLY CREATIVE LOGO WORKS**

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's assertions in paragraph 8 and, therefore, denies them.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's assertions in paragraph 9 and, therefore, denies them.

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of Plaintiff's assertions in paragraph 10 and, therefore, denies them.

11. The logo depicted in paragraph 11 speaks for itself. To the extent the allegations of paragraph 11 characterizes the logo or makes conclusory statements about the logo, Defendant denies the allegations in this paragraph.

12. The logo depicted in paragraph 12 speaks for itself. To the extent the allegations of paragraph 12 characterizes the logo or makes conclusory statements about the logo, Defendant denies the allegations in this paragraph.

13. The logo depicted in paragraph 13 speaks for itself. To the extent the allegations of paragraph 13 characterizes the logo or makes conclusory statements about the logo, Defendant denies the allegations in this paragraph.

## THE COPYRIGHT OFFICE AND COPYRIGHT REGISTRATION

14. Defendant admits paragraph 14 of the Complaint.

15. Paragraph 15 includes a conclusory statement made by Plaintiff that requires no response. Paragraph 15 also includes statements of law that require no response. To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.

16. Paragraph 16 includes conclusory statements made by Plaintiff that require no response. Paragraph 16 also includes statements of law that require no response. To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.

17. Defendant admits that the Copyright Office has registered millions of claims and registered approximately 560,000 claims in fiscal year 2018. The remainder of paragraph 17 consists of conclusory statements made by Plaintiff that require no response. To the extent these statements are deemed to contain additional allegations that require a response, the same are denied.

## THE COPYRIGHT APPLICATIONS AND REFUSALS

18. Defendant admits paragraph 18 of the Complaint.

19. Defendant admits that it sent refusal letters to Plaintiff dated November 29, 2018. The refusal letters speak for themselves. To the extent the allegations of paragraph 19 paraphrase or characterize the letters, Defendant denies the allegations to the extent they are inconsistent with the letters. Any remaining allegations are denied.

20. Defendant admits the allegations in the first sentence of paragraph 20. The letters Plaintiff submitted to the Copyright Office speak for themselves. To the extent the allegations of paragraph 20 paraphrase or characterize the letters, Defendant denies the allegations to the extent they are inconsistent with the letters. Any remaining allegations are denied.

21. Defendant admits it sent letters to Plaintiff dated June 19, 2019. The letters speak for themselves. To the extent the allegations of paragraph 21 paraphrase or characterize the letters, Defendant denies the allegations to the extent they are inconsistent with the letters. Any remaining allegations are denied.

22. Defendant admits Plaintiff submitted second requests for reconsideration to the Copyright Office on September 18, 2019. The letters Plaintiff submitted to the Copyright Office speak for themselves. To the extent the allegations of paragraph 22 paraphrase or characterize the letters, Defendant denies the allegations to the extent they are inconsistent with the letters. Any remaining allegations are denied.

23. Defendant admits the Review Board sent a letter to Plaintiff dated June 25, 2020. The letter speaks for itself. To the extent the allegations of paragraph 23 paraphrase or characterize the letter, Defendant denies the allegations to the extent they are inconsistent with the letter. Any remaining allegations are denied.

24. Defendant denies paragraph 24 of the Complaint.

25. The first sentence of paragraph 25 is a statement of law that requires no response. To the extent that an answer is deemed to be required, the allegations are denied. Defendant denies the allegations in the second sentence of paragraph 25.

26. Defendant denies the allegations in the first sentence of paragraph 26. The second sentence of Paragraph 26 is a statement of law that requires no response. To the extent that an answer is deemed to be required, the allegations are denied. As to the third and fourth sentences of paragraph 26, Defendant admits that Plaintiff has quoted sections of the Compendium of U.S. Copyright Office Practices accurately. Any remaining allegations of paragraph 26 are denied.

27. The Review Board's letter speaks for itself. To the extent the allegations of paragraph 27 seek to paraphrase or characterize the contents of that written document, Defendant denies the allegations to the extent that they are inconsistent with that document. Paragraph 27 also includes a conclusory statement made by Plaintiff that requires no response. To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.

28. Paragraph 28 includes conclusory statements made by Plaintiff that require no response. Paragraph 28 also includes statements of law that require no response. To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.

29. Defendant denies paragraph 29 of the Complaint.

30. Paragraph 30 includes conclusory statements made by Plaintiff that require no response. Paragraph 30 also includes statements of law that require no responses. To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.

## STATUTORY BASIS FOR RELIEF

31. Paragraph 31 is a statement of law that requires no response. To the extent that an answer is deemed to be required, the allegations are denied.

32. Paragraph 32 is a statement of law that requires no response. To the extent that an answer is deemed to be required, the allegations are denied.

33. Defendant admits that on August 3, 2020, the filing of the Complaint, Maria Strong was the acting Register of Copyrights. On September 21, 2020, it was announced that Shira Perlmutter was appointed Register of Copyrights, to date she has not officially begun her appointment. Defendant further admits that the Register is responsible for overseeing the Copyright Office's decision to register copyrights and has the authority to direct the registration of a copyright application, as described in 17 U.S.C. § 701(a).

34. Defendant denies paragraph 34 of the Complaint.

35. Paragraph 35 is a statement of law that requires no response. To the extent that an answer is deemed to be required, the allegations are denied.

36. Paragraph 36 is a conclusory statement made by Plaintiff that requires no response. To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.

## COUNT I
## REVIEW OF FINAL AGENCY ACTION ON SPEEDWAY MOTORS LOGO

37. In response to paragraph 37 of the Complaint, Defendant re-alleges and incorporates the answers stated in paragraphs 1-36 above.

38. Defendant denies paragraph 38 of the Complaint.

39. Defendant denies paragraph 39 of the Complaint.

40. Defendant denies paragraph 40 of the Complaint.

41. Defendant denies paragraph 41 of the Complaint.

42. Defendant admits paragraph 42 of the Complaint.

43. Defendant denies paragraph 43 of the Complaint.

## COUNT II
## REVIEW OF FINAL AGENCY ACTION ON S LOGO

44. In response to paragraph 44 of the Complaint, Defendant re-alleges and incorporates the answers stated in paragraphs 1-43 above.

45. Defendant denies paragraph 45 of the Complaint.

46. Defendant denies paragraph 46 of the Complaint.

47. Defendant denies paragraph 47 of the Complaint.

48. Defendant denies paragraph 48 of the Complaint.

49. Defendant admits paragraph 49 of the Complaint.

50. Defendant denies paragraph 50 of the Complaint.

## COUNT III
## REVIEW OF FINAL AGENCY ACTION ON TEAM SPEEDWAY MOTORS LOGO

51. In response to paragraph 51 of the Complaint, Defendant re-alleges and incorporates the answers stated in paragraphs 1-50 above.

52. Defendant denies paragraph 52 of the Complaint.

53. Defendant denies paragraph 53 of the Complaint.

54. Defendant denies paragraph 54 of the Complaint.

55. Defendant denies paragraph 55 of the Complaint.

56. Defendant admits paragraph 56 of the Complaint.

57. Defendant denies paragraph 57 of the Complaint.

**PRAYER FOR RELIEF**

58. Defendant denies paragraph 58 of the Complaint.

WHEREFORE Defendant Maria Strong, Acting Register of Copyright, prays that Plaintiff's Complaint be dismissed, and for such other and further relief as may be deemed appropriate.

    MARIA STRONG, Acting Register of Copyright, Defendant

    JOSEPH P. KELLY
    United States Attorney
    District of Nebraska

By:   s/ Lynnett M. Wagner
    LYNNETT M. WAGNER, #21606
    Assistant U.S. Attorney
    1620 Dodge Street, Suite 1400
    Omaha, NE 68102-1506
    Tel: (402) 661-3700
    Fax: (402) 661-3081
    E-mail:lynnett.m.wagner@usdoj.gov

    JEFFREY BOSSERT CLARK
    Acting Assistant Attorney General

Of Counsel:     GARY L. HAUSKEN
PHILIP CHARLES STERNHELL     Director
Assistant Director

    /s/ Jenna Munnelly
    JENNA MUNNELLY
    Trial Attorney
    U.S. Dept. of Justice
    Washington, DC 20530
    Tel: (202)616-1061
    Fax: (202)307-0345
    jenna.e.munnelly@usdoj.gov