**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

SPEEDWAY MOTORS, INC.,

       Plaintiff,

   v.

SHIRA PERLMUTTER, in her official
capacity as Register of Copyrights,

       Defendant.

4:20-CV-3089

**REPLY IN SUPPORT OF DEFENDANT'S**
**CROSS MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................2

I.     This Circuit Gives Agency Decisions a High Degree of Deference ....................................2

II.    Denial of Registration of the Works was Not Arbitrary, Capricious or Otherwise Not in Accordance With Law ..............................................................................................3

       A.    The Individual Elements of the Works are Not Protectable ...................................3

       B.    The Works as a Whole are Not Protectable ............................................................5

       C.    The Office Consistently Applies the Legal Standard for Creativity .......................7

III.   Plaintiff has Failed to Show that the Court May Compel Registration .............................9

CONCLUSION....................................................................................................................11

ii

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SPEEDWAY MOTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHIRA PERLMUTTER, in her official capacity as Register of Copyrights, <br><br> Defendant. | 4:20-CV-3089 <br><br><br> REPLY IN SUPPORT OF DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT |

**INTRODUCTION**

Defendant, Shira Perlmutter, in her official capacity as Register of Copyrights, provides Defendant's Reply in Support of its Cross Motion for Summary Judgment.

The Copyright Act and Copyright Office regulations and practices firmly establish that some works lack the quantum of creativity required for copyright protection. *See* 17 U.S.C. § 101 et seq.; 37 C.F.R. § 202. In concluding that the Works were not copyrightable, the Copyright Office applied longstanding legal principles and practices and exercised its expertise. In the process of refusing registration for the Works, the Office considered and rejected each of the arguments Plaintiff again asserts in its Brief, (Filing 24), and in its Reply and Response, (Filing 27), and repeatedly and comprehensively explained its reasoning to Plaintiff. The refusal to register the Works is supported by the Administrative Record and was sound, reasoned, and firmly based on the applicable law. There are no material issues of fact in dispute, and Defendant is entitled to summary judgment.

1

**ARGUMENT**

**I.      This Circuit Gives Agency Decisions a High Degree of Deference**

As set forth in the Government's Cross Motion, this Circuit gives "substantial deference"
to the agency and recognizes the Office's "considerable expertise" when reviewing agency
actions.  (Filing 26 at 17-18)  In its Reply and Response, Plaintiff argues that copyrightablilty is
a matter of law and "there is no great deference due to the Register in this legal decision."
(Filing 27 at 5)  Plaintiff's Reply and Response, however, ignores the case law of this Circuit and
fails to show why this Court should not apply binding precedent.

The Office determined that the Works lacked the originality required for copyright
protection based on its interpretations of the Copyright Act and Office regulations identifying
what subject matter is copyrightable.  *See* 17 U.S.C. § 702; 37 C.F.R. §§ 202.1, 202.3, 202.10.
This Circuit applies an abuse of discretion standard when reviewing copyright registration
refusals and "give[s] 'agency decisions a high degree of deference.'"  *Voyageurs Nat'l Park
Ass'n v. Norton*, 381 F.3d 759, 763 (8th Cir. 2004) (citing *Sierra Club v. Envtl. Prot. Agency*,
252 F.3d 943, 947 (8th Cir. 2001)); *see John Muller & Co. v. N.Y. Arrows Soccer Team, Inc.*,
802 F.2d 989, 990 (8th Cir. 1986); *see also Unity HealthCare v. Azar*, 918 F.3d 571, 577 (8th
Cir. 2019) (citation omitted) (affording "substantial deference to an agency's interpretation of its
own regulations").  Likewise, other Circuits have found the Office's longstanding application of
creativity standards "merit[] deference" since such practices "reflect[] a body of experience and
informed judgment to which courts and litigants may properly resort for guidance."  *Southco,
Inc. v. Kanebridge Corp.,* 390 F.3d 276, 286 & n.5 (3d Cir. 2004) (en banc) (Alito, J.); *see also
Esquire, Inc. v. Ringer*, 591 F.2d 796, 801–02 (D.C. Cir. 1978) (giving "considerable weight" to
Register's refusal determination); *Homer Laughlin China Co. v. Oman,* No. CIV. A. 90-3160,

2

1991 WL 154540, at *2 (D.D.C. July 30, 1991) (noting "the costs of forcing too fine an analysis

and too extensive an explanation of a denial of registration are not worth the benefits—

particularly when reviewing a question which has unavoidably subjective aspects such as how

much creativity is sufficient to force the Copyright Office to register a proffered work").

In denying registration for the Works, the Office offered a reasonable construction of the

copyright statute and regulations, and therefore its judgment is given substantial deference and

must be affirmed.  *See, e.g.*, *Harrod v. Glickman*, 206 F.3d 783, 788 (8th Cir. 2000) (holding that

the agency did not act arbitrarily where its determination was a "reasonable interpretation of the

regulation and the statute").

**II.      Denial of Registration of the Works was Not Arbitrary, Capricious or Otherwise
           Not in Accordance With Law**

**A.      The Individual Elements of the Works are Not Protectable**

The Government explained in detail in its Cross Motion that the Works, each depicting

ordinary and predictable combinations of a yellow circle, a purple band, and the letter S or a

variation of the words TEAM SPEEDWAY MOTORS, lacked sufficient creativity to merit

copyright protection.  (*See* Filing 26 at 20-26)  In its Reply and Response, Plaintiff first argues

that individual elements of the Works are entitled to protection, including the "purple band

element," and the typeface.  (Filing 27 at 5-6)  Plaintiff argues that the "purple band element is,

at minimum, a distinguishable variation and therefore protectable."  (*Id.* at 6)  To satisfy the

Copyright Act's originality requirement, however, the work must possess a "minimal level of

creativity."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).  The Office

determined that the purple band element was not entitled to protection because "[a]though the

purple band within the yellow circle is stylized and has different widths, it is still essentially a

circle band within a larger circle that follows the outline of the larger circle."  (Filing 21-9 at

3

US0000084; *see also* Filing 26 at 21 (the Office "acknowledged the features of the [purple band] element that Plaintiff argues are creative, but still perceived the purple line as a broken circle.")) This determination was based upon relevant law, including Copyright Office regulations that specify that "familiar symbols or designs" are not sufficiently original to be protectable by copyright, 37 C.F.R. § 202.1(a), and *Compendium* guidance that explicitly states that curved lines and circles are not protectable by copyright.  *See* COMPENDIUM (THIRD) § 906.1; *see also OddzOn Prod., Inc. v. Oman*, 924 F.2d 346, 347 (D.C. Cir. 1991) (upholding refusal to register a familiar spherical shape).  The Office's conclusion was thus consistent with the statute, case law, and longstanding Office regulations and public guidance.

The Office's refusal to consider the typographical elements of the Works in connection with Plaintiff's application was similarly correct.  Plaintiff contends that the Office "relies on old law" by citing *Eltra Corp. v. Ringer*, 579 F.2d 294 (4th Cir. 1978), because that case was decided under the 1909 Copyright Act and argues that the Office's "own *Compendium* admits the Office will register typeface in certain circumstances."  (Filing 27 at 6 (citing COMPENDIUM (THIRD) § 906.4))  Indeed, the Office's refusal was appropriately rooted in a time-tested precept of copyright law.  As explained in the Government's Cross Motion, while this practice has roots under the 1909 Copyright Act, Congress's continued refusal to protect typeface under the 1976 Act ultimately anchors the Office's longstanding and consistent practice.  *See* H.R. REP. NO. 94-1476, at 55 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5668; *see also* Filing 26 at 23-24. Since 1959, Copyright Office regulations have properly prohibited typographic ornamentation and lettering from receiving copyright protection.  *See* 37 C.F.R. § 202.1(a), (e).

There are "limited cases where the Office may register some types of typeface, typefont, lettering, or calligraphy," but this case is not such an exception.  COMPENDIUM (THIRD) § 906.4.

4

The *Compendium* provides the examples of "original pictorial art that forms the entire body or shape of the typeface characters, such as a representation of an oak tree, a rose, or a giraffe that is depicted in the shape of a particular letter" or certain decorative "flourishes, swirls, vector ornaments, scrollwork, border, and frames, wreaths." *Id.*  In contrast, Plaintiff's Works lack such decorative typeface elements, with the only claimed originality being the positioning of the letters at a slight slant and the employment of serifs extending from the top-left hand side of certain letters.  (*See* Filing 24 at 15)  Plaintiff's account of what it seeks to protect—"unique stylized forms" of "textual elements" "artistically created"—can only be described as "typeface design."  (Filing 27 at 6)  Copyright law does not protect this type of font stylization.  (*See* Filing 26 at 24)  Upon carefully considering Plaintiff's argument with regard to the lettering, the Office appropriately explained that "typeface, typefont, lettering, calligraphy, and typographical ornamentation are not registrable."  (Filing 21-9 at US0000084)

The Office correctly concluded based on the statutory requirements, case law, and longstanding Office regulations and guidance that the lettering in the Works is not sufficiently creative to be protectable.  The Office's determination was reasonable and was not arbitrary or capricious.  (*See* Filing 26 at 23-26)

**B.      The Works as a Whole are Not Protectable**

Plaintiff erroneously argues that "the Copyright Office improperly dissects the Works into components and then dismisses them rather than evaluating the overall Work for creativity," (Filing 27 at 7), and wrongly accuses the Office of acting arbitrarily by treating Plaintiff's applications differently than other applications cited in Plaintiff's Brief in which the whole works were considered.  (*Id.* at 8)  The Board's refusal letter explicitly concluded that when "viewed as a whole, the selection, coordination, and arrangement of the shapes, colors, words,

and letter(s) that comprise the Works are insufficient to render the Works sufficiently creative and original," and provided a detailed explanation for its conclusion.  (Filing 21-9 at US0000084-85); *see also Coach, Inc. v. Peters*, 386 F. Supp. 2d 495, 500 (S.D.N.Y. 2005) (rejecting argument that Office failed to consider the work as a whole where the Office explicitly concluded that the elements "in their particular combination and arrangement*,*" were not sufficiently creative).  The applications discussed in Plaintiff's Brief are readily distinguishable from the Works and were, in fact, distinguished by the Board in its refusal letter.  (*See* Filing 21-9 at US0000085)  As discussed in the Government's Cross Motion, the Office's conclusion that the combination of elements in the Works was not sufficiently creative to warrant copyright protection was based on the Office's review of both the individual elements and the Works as a whole.  (*See* Filing 26 at 21-29)

The parties agree that a work containing a combination of unprotectable elements can be eligible for copyright protection if it contains a sufficient number of elements and the selection and arrangement of the elements is sufficiently original.  (*See* Filing 26 at 26; Filing 27 at 7) Thus, there is no question regarding the applicable legal principles.  Plaintiff's criticism is merely that the Office should have reached a different conclusion when applying this settled legal principle to its Works.  But this does not establish that the Office acted arbitrarily or capriciously.  (*See* Filing 26 at 16 (citing *Citizens Telecomms. Co. of Minn., LLC v. FCC*, 901 F.3d 991, 1010 (8th Cir. 2018) (noting that a plaintiff's "disagreement is no basis for finding" a federal agency's interpretation to be "arbitrary and capricious")))

In applying this legal principle to Plaintiff's Works, the Office relied on case law and *Compendium* guidance, and correctly determined that the elements within the Works were not selected and arranged in a sufficiently creative manner to be protectable by copyright.  (*See*

Filing 26 at 28-29)  Plaintiff fails to sufficiently distinguish its Works from the "Arrows" logo at

issue in *John Muller;* that case remains particularly instructive.  (*See* Filing 27 at 7)  The

"Arrows" logo was composed of cursive lettering depicting the company name "Arrow" below

four pairs of straight lines of varying sizes, each intersecting at a point, arranged to form four

nested arrowhead vectors.  *See John Muller & Co.*, 802 F.2d at 990; *see also* Filing 26 at 27.

Similarly, the Works are composed of lettering depicting variations of the company name

Speedway Motors, set in, or next to, a circle.  The placement is a standard arrangement for a logo

that is not protectable by copyright.  (*See* Filing 26 at 28, 31-32)  Just as the Office reasonably

refused to register the "Arrows" logo, it was reasonable and appropriate for the Office to refuse

registration for the Works.  *See John Muller & Co.*, 802 F.2d at 990 (affirming district court

finding that the Office did not abuse its discretion in refusing to register the work); *see also*

*Coach, Inc.*, 386 F. Supp. 2d at 500 (finding Office's refusal to register an arrangement of

symbols and letters was not an abuse of discretion).

### C.      The Office Consistently Applies the Legal Standard for Creativity

Lastly, Plaintiff claims that a comparison between the logos cited in the Government's

Cross Motion and the Works "demonstrate the arbitrariness of the Copyright Office's decision-

making process."  (Filing 27 at 9)  As discussed in the Government's Cross Motion, however,

the examples discussed by Plaintiff demonstrate that the Office consistently applies the legal

standard for creativity as implemented through its registration practices.  (*See* Filing 26 at 32-35)

Plaintiff argues with the conclusions the Office has reached, stating, for example, "the Copyright

Office found the black circle border of the Magic logo 'not common or intuitive' yet dismisses

Plaintiff's asymmetric purple line art as 'essentially a circle' and gives it no weight."  (Filing 27

at 9)  Plaintiff misreads the Board's decision regarding the Magic logo, which found that the

Magic logo in its entirety—encompassing a basketball, four colors, "numerous star designs," shading, as well as the circular double-border—not the circular border alone, was not common or intuitive. *Registration Decision Regarding D with Ball Design (Detroit Pistons), LAKELAND MAGIC Secondary Logo, SA with Ball Design (San Antonio Spurs)*, Correspondence IDs 1-32FSIYR, 1-32FSIZX, and 1-32G0BQX; SR Nos. 1- 4814315971, 1-4632160517, and 1-4814316090 at 6, 7 (May 30, 2019), https://copyright.gov/rulings-filings/review-board/docs/d-with-ball-design.pdf ("Basketball Logos Board Letter"). While concluding that this more complex arrangement of elements eked over the threshold for protection set forth in *Feist,* the Board nevertheless cautioned that "[t]he design of the Magic logo, however, is still relatively simple. Therefore, the Board [] cautions that the resulting protection is thin." *Id.* at 7. It was entirely consistent with the law and the Office's practices for the Board to conclude that the combination of less numerous and more basic elements presented by Plaintiff's Works did not clear the hurdle for copyright protection. *See Feist*, 499 U.S. at 362 ("The standard of originality is low, but it does exist.").

Plaintiff similarly claims "the Board arbitrarily refused to consider 'any meaning or significance that the work may evoke' despite previously crediting an 'interaction of elements illustrating movement' for the Detroit Pistons logo." (Filing 27 at 9) Consistent with its practices, the Office considered the "expression that is fixed in the work itself," and did "not consider any meaning or significance that the work may evoke." COMPENDIUM (THIRD) § 310.3. In the Detroit Pistons logo, "the basketball passes through the letter 'D,' as emphasized by the wedge shape to the left of the basketball illustrating movement," which the Board found created a visual impression of movement. Basketball Logos Board Letter at 6. When considering the interaction of those elements, which were examined alongside "various geometric shapes

8

featuring numerous colors and shading," the Board concluded the logo as a whole exhibited "sufficient creativity." *Id.*  Conversely, the Board noted that Plaintiff's Works merely contain "a purple band within the yellow circle" that "has different widths," coupled with unprotectable font stylization.  (Filing 21-9 at US0000084)  As stated in the Board's letter, although the Board recognized that Plaintiff asserted that "a 3D impression of speed is what it hopes to inspire in the viewer," it concluded that such 3D illusion of movement "is not visually perceptible in the Works," and that the 2D elements displayed with no shading were simply too basic to demonstrate more than *de minimis* creativity.  (*Id.* at US0000085)

The Office applied the originality standard as defined by case law, Office regulations, and longstanding agency practices and concluded that Plaintiff's Works lacked the requisite creativity for copyright protection.  As the Office detailed in its Response to Plaintiff's Section Request for Reconsideration, "[e]ach of the works in the cited letters exhibits more creativity than the Works" and "[t]hese creative compilations are quite different from the Works."  (*Id.*)  The Office's determination that the Works are not sufficiently creative to be copyrightable was reasonable, clearly explained, and not an abuse of its discretion.  *See Unity HealthCare*, 918 F.3d at 577; *John Muller & Co.*, 802 F.2d at 990.

III.     **Plaintiff has Failed to Show that the Court May Compel Registration**

Plaintiff's request that the Court compel registration of the Works is outside the scope of the APA.  (*See* Filing 26 at 35-36)  In its Reply and Response, Plaintiff argues that because the alleged "violation here is that the Register's decision is arbitrary, capricious, an abuse of discretion, and not in accordance with law [and t]here is no claim that Defendant misstated the governing law such that remand for reconsideration would be appropriate" the remedy outlined in *Atari* is not "appropriate."  (Filing 27 at 10)  Plaintiff notes that "the Copyright Act authorizes

9

the Court to determine the copyrightability of works in an *infringement* suit." (*Id.* (citing 17 U.S.C. §§ 411(a), 410(d)) (emphasis added))  Plaintiff then argues that "upon finding that the Works are copyrightable, all that is left for the Copyright Office to do is the discrete, required action of registering the claim." (*Id.* at 11)

Plaintiff's arguments lack merit.  As discussed in the Government's Cross Motion and again above, the Office's actions were in accord with the relevant law and it did not act arbitrarily or abuse its discretion.  Plaintiff has provided no case law that supports its position that the Court may compel registration in an action under the APA. *Bouve v. Twentieth Century-Fox Film Corp.*, 122 F.2d 51 (D.C. Cir. 1941), the only case Plaintiff cites in which a court ordered the Register to issue a registration certificate, was not brought under the APA; the applicant sought a writ of mandamus. *See* 122 F.2d 51 at 52.  In *Coach, Inc. v. Peters*, in which the only issue was whether the work was sufficiently original to be protectable by copyright, the Court unequivocally stated that a court does not have the authority under the APA to order the Register to issue a registration certificate. *See* 386 F. Supp. 2d at 498.  Likewise, in *Atari Games Corp. v. Oman*, 979 F.2d 242 (D.C. Cir. 1992), another case in which the only issue was the creativity of the work, after holding that the Copyright Office abused its discretion, the Court remanded the case to the District Court "with instructions to again return the matter of Atari's application to the Register for renewed consideration consistent with this court's opinion." 979 F.2d at 247.  Similarly here, if the Court were to find that the Copyright Office analyzed the registrability of the Works using the wrong standard, which it did not, the appropriate remedy would be to return the matter to the Register for renewed consideration consistent with the correct standard.

## CONCLUSION

The Administrative Record, (Filing 21), shows that the Office's refusal to register the

Works was soundly and rationally based on settled law, and not arbitrary or capricious, an abuse

of discretion, or otherwise not in accordance with law.  For the reasons stated above, Defendant

respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment and grant

Defendant's Cross Motion for Summary Judgment.

<div style="margin-left:45%">

SHIRA PERLMUTTER,
Register of Copyrights, Defendant

JAN W. SHARP
Acting United States Attorney
District of Nebraska

By:    s/ Lynnett M. Wagner
        LYNNETT M. WAGNER, #21606
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE  68102-1506
        Tel:  (402) 661-3700
        Fax:  (402) 661-3081
        E-mail: lynnett.m.wagner@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

/s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
U.S. Dept. of Justice
Washington, DC 20530
Tel: (202)616-1061
Fax: (202)307-0345
E-mail:  jenna.e.munnelly@usdoj.gov

</div>

Of Counsel:
PHILIP CHARLES STERNHELL
Assistant Director

11

REGAN A. SMITH
General Counsel and
Associate Register of Copyrights

JORDANA S. RUBEL
Assistant General Counsel

JALYCE E. MANGUM
Attorney Advisor

U.S. COPYRIGHT OFFICE


Dated:  May 10, 2021

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to NECivR 7.1(d)(3), I hereby certify this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Word for Office 365 MSO, this document contains 3430 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

<u>s/ Lynnett M. Wagner</u>
Assistant United States Attorney